UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANGEETA BHAGAT,<br>105 Dover Road,<br>Colonia, NJ 07067,<br><br>and<br><br>PRIYAM BHAGAT,<br>105 Dover Road,<br>Colonia, NJ 07067<br><br>Plaintiffs,<br><br>v.<br><br>JEH JOHNSON, Secretary, U.S. Department of Homeland Security, in his official capacity, as well as his successors and assigns,<br>245 Murray Lane, S.W.,<br>Building 410,<br>Washington, D.C.  20528,<br><br>and<br><br>LORETTA LYNCH, Attorney General of the United States, in her official capacity as well as her successors and assigns,<br>U.S. Department of Justice,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530-0001,<br><br>and<br><br>LEON RODRIGUEZ,  Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns,<br>20 Massachusetts Avenue, N.W.,<br>Washington, D.C. 20529,<br><br>and<br><br>DONALD NEUFELD, Associate Director, Service Center Operations | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT<br><br>CIVIL ACTION NO._____<br><br>ALIEN NO.: A205104156<br><br>AGENCY CASE NUMBERS: SRC1290147025, SRC1290122263, A-09126-43639, A-11161-84849, AA003CI9GA |

1

**Directorate, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, 20 Massachusetts Avenue, N.W., Washington, D.C. 20529,**

   **and**

**GREGORY A. RICHARDSON, Center Director, Texas Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns, 4141 St. Augustine Road, Dallas, TX 75227,**

   **and**

**KATHY A. BARAN, Director, California Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns, 24000 Avila Road, Laguna Niguel, CA 92677,**

   **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

Plaintiffs, Sangeeta Bhagat ("Plaintiff-mother") and Priyam Bhagat ("Plaintiff-daughter"), through undersigned counsel, allege as follows:

### I.  INTRODUCTION

1.  This civil action seeks judicial review and challenges government action unlawfully finding the Plaintiffs ineligible for protection under Immigration and Nationality Act ("INA") § 204(l) and Adjustment of Status to Lawful Permanent Resident under INA § 245.

2.  Plaintiffs challenge Defendants' finding of their ineligibility for protection under INA § 204(l).

3. Plaintiff-mother, wife and derivative applicant of the late Prabhat K. Bhagat, the Beneficiary of an approved I-140, and Plaintiff-daughter, daughter and derivate applicant of Mr. Bhagat, challenge the decision of Defendant USCIS to make a finding of ineligibility to adjust status against them pursuant to INA § 204(l) and INA § 245.

4. The Administrative Procedure Act ("APA") requires that administrative agencies not adjudicate matters presented to them in an "arbitrary" or "capricious" manner, "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "without observance of procedure required by law," or where "unsupported by substantial evidence."  5 U.S.C. §706(2).

5. This action seeks injunctive and declaratory relief to compel the Department of Homeland Security ("DHS") to reopen and adjudicate Plaintiffs' I-485 Applications within ten (10) days and to issue Plaintiffs Employment Authorization Documents ("EADs") if DHS is unable to reopen and adjudicate the I-485 Applications within that timeframe.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

6. Plaintiffs have made inquiries with the DHS, U.S. Citizenship and Immigration Services ("USCIS") and responded to denials of their I-485 Applications, regarding Defendant USCIS finding them ineligible for protection under INA § 204(l) and Adjustment of Status under INA § 245, without success.  Plaintiffs note multiple agency errors and failures to follow the law and procedure governing agency actions, which are the basis of this action.

7. As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully being subjected to deprivation of any immigration benefit, particularly the eligibility for protection under INA § 204(l) and Adjustment of Status to Lawful Permanent Resident of the United States under INA § 245, as detailed further herein.

13. The Service's finding of ineligibility to protection and adjustment of status pursuant to INA § 204(l) and INA § 245 was arbitrary and capricious, and not in accordance with

the law because it was premised on a failure to comply with the laws, guidance, and procedures involving INA § 204(l) for honoring surviving spouse immigration benefits, and on the unlawful adjudication of the I-485 Applications in which Plaintiffs were not given an opportunity to address adverse evidence and derogatory information in violation of 8 CFR § 103.2(b)(16). Thus, this action also failed to observe USCIS agency procedure, in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

14. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and to reopen and adjudicate Plaintiffs' I-485 Applications within thirty (30) days of an Order of this Court and to issue EADs to Plaintiffs if Defendants are unable to reopen and adjudicate the I-485 applications within ten (10) days.

15. Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II.     JURISDICTION

16. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (INA) (including 8 U.S.C. §§1182, 1184, 1201, 1202 and 1204), and (2) 28 U.S.C. §1361 (Mandamus Act). This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

17. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. §1252, INA §242. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA §242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of a jurisdiction-stripping provision is favored over the broader one, as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of

administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" off congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. §1252(a)(2)(B)(ii). *Id.*, at 839. *See also, Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana*'s citation to presumption favoring judicial review of administrative action when statute does not specify discretion).

18. 8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging a decision by the Defendants to find Plaintiffs ineligible for Adjustment of Status under INA § 245 and INA § 204(l) without giving Plaintiffs the opportunity to address adverse evidence and which finding was arbitrary, capricious, and contrary to law and settled agency practice, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331, as well as for declaratory relief under 28 U.S.C. §2201.

### III. VENUE

19. Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1) and 5 U.S.C. §552(a)(4)(B), because:

a. Defendant Secretary Jeh Johnson is an officer of DHS and is responsible for the operation of DHS and the sub-agency USCIS, which are both headquartered in the District of Columbia. Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Loretta Lynch is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Lynch performs a

significant amount of her official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

  c. Defendant Leon Rodriguez is an officer of DHS and the Director of USCIS, which is headquartered in the District of Columbia. Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

  d. Defendant Donald Neufeld is an officer of DHS and Associate Director, Service Center Operations Directorate of USCIS, which is headquartered in the District of Columbia. Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

  e. Defendant Gregory A. Richardson is an officer of DHS and USCIS. Defendant Richardson is the Director of the Texas Service Center. Defendant Richardson retained jurisdiction over the I-485 Applications and is responsible for decisions made on Plaintiffs' I-485 Applications which were filed at the Texas Service Center, subject to the discretion of Defendants Rodriguez and Neufeld, who reside in the District of Columbia;

  f. Defendant Kathy A. Baran is an officer of DHS and USCIS. Defendant Baran is the Director of the California Service Center. Defendant Baran retains jurisdiction over the I-485 Applications and is responsible for the finding of ineligibility for protection and adjustment pursuant to INA § 204(l) and INA § 245, subject to the Discretion of Defendants Rodriguez and Neufeld, who reside in the District of Columbia;

  g. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS and USCIS, which are all headquartered in the District of Columbia; and

  h. Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located,

within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.

20. Due to the decentralized nature of agency case processing, which allows for the transfer of immigration benefit Petitions, Applications, and other filings to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV.     PARTIES

21. Plaintiffs, Sangeeta Bhagat and Priyam Baghat, are citizens and nationals of India, and are the widow and daughter, respectively, of the late Mr. Prabhat K. Bhagat. Plaintiffs currently reside at 105 Dover Road, Colonia, NJ 07067.  *See* Exhibit A and Exhibit B.

22. Jeh Johnson is the Secretary of DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing DHS, which includes the sub-agency USCIS, and with implementing the INA.  He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

23. Loretta Lynch is the Attorney General of the United States and this action is brought against her in her official capacity only, as well as her successors and assigns.  She is charged with certain functions involved in the implementation of the INA.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

24. Leon Rodriguez is the Director of USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the INA, and is further authorized to delegate certain powers and authority to subordinate employees of USCIS.  USCIS is specifically assigned the adjudication of I-485

Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

25.     Donald Neufeld is the Associate Director, Service Center Operations Directorate of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with overseeing all the activities of the four (4) regional service centers of the USCIS, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned responsibility for the adjudication of I-485 Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

26.     Gregory A. Richardson is the Director of the USCIS Texas Service Center of the USCIS located at 4141 North St. Augustine Road, Dallas, TX 75227, and is named herein only in his official capacity, as well as his successors and assigns.  The findings of ineligibility pursuant to INA § 204(l) and INA § 245 were made in connection with I-485 Applications filed with the Texas Service Center.

27.     Kathy A. Baran is the Director of the USCIS California Service Center of the USCIS located at 24000 Avila Road, Laguna Niguel, CA 92677, and is named herein only in her official capacity, as well as her successors and assigns.  The findings of ineligibility pursuant to INA § 204(l) and INA § 245 were made in connection with I-485 Applications adjudicated at the California Service Center.

### V.     STATEMENT OF FACTS

**A.  Case History**

28.     On June 11, 1985, Plaintiff-mother married Mr. Prabhat K. Bhagat in Bhalgalpur, Bihar, India.  *See*, Exhibit A.

29.     On October 31, 2003, Plaintiff-mother and Mr. Bhagat entered the U.S. through B1/B2 visas.  *See*, Exhibit A.

30. On April 15, 2011, Mr. Bhagat filed a Form I-526 Immigrant Petition by Alien Entrepreneur (Receipt Number WAC-11-903-54808), which was approved by the California Service Center on September 13, 2013. *See,* Exhibit A and Exhibit C.

31. On August 14, 2013, Mr. Bhagat was admitted to the Johns Hopkins Bayview Medical Center for brain surgery to treat a malignant brain tumor. Eighty-three (83) days later, on November 4, 2013, Mr. Prabhat died of respiratory aspiration. *See*, Exhibit A and Exhibit B. *See also*, Exhibit D.

32. On November 13, 2013, Plaintiff-mother and Plaintiff-daughter filed their I-485 Applications *pro se* (Receipt Numbers WAC-14-900-47585 and WAC-14-900-47579, respectively) based on their status as Mr. Prabhat's derivatives on his approved I-526 Petition. *See*, Exhibit A and Exhibit B. *See Also*, Exhibit E and Exhibit F.

33. On or about January 16, 2014, Plaintiff-mother sent a letter and package of documents to the USCIS Texas Service Center requesting approval of her I-485 Application and Plaintiff-daughter's I-485 Application under INA § 204(l). Plaintiff-mother sent this package without the assistance of an attorney and did not specifically request the reinstatement of her late-husband's I-526 Petition. This package was returned to Plaintiff-mother by the Texas Service Center, who informed her that a duplicate copy of the package was sent to the California Service Center. *See*, Exhibit A and Exhibit B.

34. On or about June 12, 2014, Plaintiff-mother sent another letter to the California Service Center requesting that her and Plaintiff-daughter's I-485 Applications be approved under INA § 204(l), forwarding the same set of documents sent to the Texas Service Center. Again, Plaintiff-mother sent this letter without the assistance of an attorney and did not specifically request the reinstatement of the approval of her late husband's I-526 Petition. *See*, Exhibit A and Exhibit B. *See also*, Copy of the letter and documents sent to the California Service Center on June 12, 2014 at Exhibit G.

9

35. On or about July 25, 2014, denied Plaintiff-mother and Plaintiff-daughter's I-485 Applications, claiming that because the I-485 Applications were filed after the Petitioner died, they were therefore ineligible for Adjustment of Status under INA § 204(l). *See*, Exhibit H and Exhibit I.

36. On or about August 21, 2014, Plaintiff-mother and Plaintiff-daughter filed Forms I-290B on their I-485 Applications with the assistance of Attorney Brian Green. *See,* Exhibit J and Exhibit K.

37. On or about February 11, 2015, USCIS issued denials of Plaintiff-mother and Plaintiff-daughter's I-290B motions to reopen and/or reconsider the denial of their I-485 Applications, citing the same grounds for denial as in the previous denial notices issued on July 25, 2014. *See*, Exhibit A, Exhibit B, Exhibit L, and Exhibit M.

**B. Law Governing Immigration Processes**

47. An alien residing in the U.S. must complete a multi-step process to become a LPR based on an investment opportunity. The intending immigrant must make an at-risk investment either $500,000 in a rural or targeted employment area, or $1,000,000 anywhere else, which produces at least ten (10) new U.S.-based jobs. This qualifies the investor-immigrant to file an Employment Based 5th Preference Visa ("EB-5 visa petition"). *See* 8 C.F.R. §204.6 *et seq.*

48. If Defendant USCIS approves the EB-5 visa petition, the investor-immigrant and his qualifying family members are eligible to apply for an EB-5 visa, at a U.S. Embassy or Consulate overseas. Alternatively, if the investor-immigrant and his or her family are lawfully present in the U.S. at the time of the EB-5 visa petition's approval, they can file Forms I-485 and request Adjustment of Status to that of lawful permanent residents under INA § 245(a).

49. Regardless of whether an EB-5 visa is approved, or if Defendant USCIS approves Forms I-485, the investor-immigrant and family are granted conditional, two year status in the U.S.

50. After two years, the conditions on this lawful permanent resident status are removed if it is proven that the investment has been maintained, ten new jobs have been created and the residency requirement has been met. *See* 8 C.F.R. §216.6(a)(4)(ii-iv).

51. An approved I-512 Petition is a prerequisite to the approval of an investor immigrant's I-485 Application.  *See* 8 U.S.C. §245.1(a).

52. A spouse of an investor-immigrant may file an I-485 Application to adjust status to become an LPR based on the marital relationship to the investor-immigrant.  A spouse's I-485 Application is approved by USCIS based on "the same status, and the same order of consideration" as the intending immigrant.  8 U.S.C. §1153(d); *see also* 20 C.F.R. §42.32(b)(2).

53. An ummarried, child of an investor-immigrant may file an I-485 Application to adjust status to become an LPR based on the parent-child relationship to the investor-immigrant.  A child's I-485 Application is approved by USCIS based on "the same status, and the same order of consideration" as the intending immigrant.  8 U.S.C. §1153(d); *see also* 20 C.F.R. §42.32(b)(2).

**B. Exhaustion of Administrative Remedies**

54. Under *Darby v. Cisneros*, 509 U.S. 137 (1993), a litigant need not exhaust administrative remedies if suit is brought under the APA, there is no statute that mandates an administrative appeal, there is no regulation that mandates an appeal, and the adverse agency decision being challenged is considered "final" for purposes of the APA.

55. Plaintiffs aver that they are bringing suit under the APA, that there is no statute nor regulation that requires or even allows an appeal of the denial of I-485 applications and that these denials are "final" as defined by the APA.

56. To the extent that any exhaustion of administrative remedies should be required, Plaintiffs point to their efforts listed above, including the filing of a motion to reconsider the denials, which was the only opportunity to contest the denials under statute and regulation.

57. There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI.     GROUNDS FOR RELIEF OF PLAINTIFF

58. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59. Plaintiffs are entitled to judicial review under 28 U.S.C. §1331 and 5 U.S.C. §702.

60. Plaintiffs seek judicial review of the USCIS's July 25, 2014 decision that they do not qualify for the benefit of INA §204(l).

61. This action arises under the Constitution of the United States; the INA, 8 U.S.C. §1101 *et seq.;* 28 U.S.C. §1331; and the APA, 5 U.S.C. §701 *et. seq.* This Honorable Court has jurisdiction under 5 U.S.C. §703, 5 U.S.C. §552(a)(4)(B), and 28 U.S.C. §1331, as well as under 28 U.S.C. §2201 and §2202 (relating to the Court's ability to fashion appropriate remedies). This Court may grant declaratory relief in this action under 28 U.S.C. § 2201, *et seq.* (Declaratory Judgment Act); 5 U.S.C. §701 *et seq.* (Administrative Procedure Act); and 28 U.S.C. § 651, *et seq.* (All Writs Act).

62. The APA governs the review of an agency action where a person has suffered a "legal wrong" or has been "adversely affected or aggrieved" by agency action.  5 U.S.C. §702.

63. The APA also governs the review of an agency action where there has been a "final agency action."  5 U.S.C. §704.

64. The decision issued by USCIS on or about July 25, 2014 constitutes "final agency action" under 5 U.S.C. §704 given that no rule requires or allows this decision to be appealed by Plaintiffs.

65. Defendants' decision denying consideration under INA §204(l) was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Such decisions are therefore subject to review under 5 U.S.C. §706(2)(A).

12

66. Defendants' decision denying consideration under INA §204(l) was made without observance of the procedures required by law. Such decisions are therefore subject to review under 5 U.S.C. §706(2)(D).

67. Defendants' refusal to reopen or reconsider this decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Such decisions are therefore subject to review under 5 U.S.C. §706(2)(A).

68. Defendants' refusal to reopen or reconsider this decision was without observance of the procedures required by law. Such decisions are therefore subject to review under 5 U.S.C. §706(2)(D).

69. Defendants' refusal to reopen or reconsider this decision without a meaningful review of the merits of Plaintiffs' claim for protection under INA §204(l) is in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution. Such decisions are therefore subject to review under 5 U.S.C. §706(2)(A).

70. Defendants' refusal to reopen or reconsider this decision without a meaningful review of the merits of Plaintiffs' claim for protection under INA §204(l) is in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution. Such decisions are therefore subject to review under 5 U.S.C. §706(2)(D).

71. Plaintiffs have exhausted available administrative remedies by filing a motion to reopen or reconsider with Defendant USCIS. There is no further administrative review available. There is no other appropriate judicial remedy.

72. This case is ripe for review, as USCIS issued its decision finding that Plaintiffs did not qualify for protection under INA §204(l) as described above in ¶60.

73. Should the Court refuse to consider this case, Plaintiffs will suffer hardship in that they will need to relocate from their home in New Jersey to India. Plaintiffs will also be forced to close the business that they created to qualify for their EB-5 approval.

74. The standard of review that must be applied in this case is the "substantial evidence" test under 5 U.S.C. §706(2)(E). The USCIS decision was clearly an adjudicatory hearing designed to produce a record that is to be the basis of agency action. *See* 5 U.S.C. §706(2)(E).

75. The USCIS decision that Plaintiffs do not qualify for any consideration for protection under INA §204(l) was an arbitrary and capricious decision and not supported by substantial evidence in the record or a clear reading of the law. 5 U.S.C. §706(2)(A) and (E).

76. The USCIS decision that Plaintiffs do not qualify for any consideration for protection under INA §204(l) was made in violation of the procedures required by law. 5 U.S.C. §706(2)(D).

77. In the alternative, a *de novo* standard of review under 5 U.S.C. §706(2)(F)(i) should be applied because the actions at issue in this case are "adjudicatory in nature and the agency fact finding procedures are inadequate."

78. As such, the Court should review *de novo* all of the evidence Plaintiffs have submitted in support of their position that they should be eligible for protection under INA §204(l).

79. As such, the Court should review *de novo* all of the evidence Plaintiffs have submitted in support of their position that they should be eligible for protection under INA §204(l).

### VII.     CLAIMS FOR RELIEF

#### Count I

#### (INA and APA)

80. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

81. Plaintiffs have the right to review of the agency decision under 5 U.S.C. §702.

82. The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendants' actions in failing to properly consider Plaintiffs' request for protection under INA §204(l) constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

83. The Defendants' refusal of Plaintiffs' multiple requests for protection under INA §204(l) without any apparent consideration of their eligibility in the decision made on or about July 25, 2014 constitutes agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with law under 5 U.S.C. §706(2)(A).

84. The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. Defendants' failure to correct agency errors and to even continue to commit additional errors in the refusal to consider the Plaintiffs' request for protection under INA §204(l) after becoming aware of agency errors constitutes an agency action without observance of procedure required by law under 5 U.S.C. §706(2)(D).

85. The Defendants' actions violate federal regulations, the INA, and the APA. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider the Plaintiffs' repeated requests for protection under INA §204(l) constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

86. The Defendants' actions violate federal regulations, Precedent Decisions, the INA, and the APA. The Defendants ignored or discounted substantial evidence in the administrative record. The Defendants' refusal to consider key evidence provided by Plaintiffs in support of their request for protection under INA §204(l) when issuing the decision on or about July 25, 2014 constitutes an agency decision unsupported by substantial evidence under 5 U.S.C. §706(2)(E).

## Count II

### (U.S. Constitution, Fifth Amendment, Due Process Clause)

87. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

88. Defendants' actions in determining that Plaintiffs are ineligible for the benefit of INA §204(l) as described above in ¶60 constitute a deprivation of liberty without a meaningful review of the substantial evidence by the adjudicator in violation of Plaintiffs' right to due process under the Fifth Amendment of the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Reverse Defendant USCIS's decision and order USCIS to reopen and reconsider Plaintiffs' request for protection under INA §204(l);

(2) Reverse Defendant USCIS's decision and grant the request by Plaintiff-mother and Plaintiff-daughter for the approval of their I-485 applications under 5 U.S.C. §706(2)(F);

(3) Declare that the agency action in this case was "arbitrary and capricious" thus violating the Administrative Procedure Act;

(4) Declare unlawful and set aside the Defendant USCIS actions, findings, and conclusions regarding Plaintiffs' eligibility for protection under INA §204(l), in accordance with this decision under 5 U.S.C. §702;

(5) Award Plaintiff reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C. §552(a)(4)(E) and the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412; and

(6) Grant such further relief as this court deems reasonable and appropriate.

Respectfully submitted on this 19th day of June 2015.

/s/Aron A. Finkelstein, Esquire
U.S. District Court Bar #MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
Tel. (410) 356-5440
Fax. (410) 356-5669
Email: aron@murthy.com
Attorneys for Plaintiffs